UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

DWAYNE SINGLETON,

                          Plaintiff,

- versus -

Warden AGRO in her official and individual capacity; MARIE GEORGES M.D. in her individual capacity,

                          Defendants.

ORDER
12-CV-790

JOHN GLEESON, United States District Judge:

        On February 10, 2012, plaintiff Dwayne Singleton, currently incarcerated at the George R. Vierno Center ("GRVC") on Rikers Island, commenced this *pro se* action pursuant to 42 U.S.C. § 1983. Singleton requests to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. I grant Singleton's request solely for the purpose of this Order and I hereby dismiss the Complaint.

BACKGROUND

        The Complaint, the well-pleaded factual allegations of which I accept as true for the purpose of this Order, alleges the following: While incarcerated at the GRVC, Singleton slipped and fell on a set of steps on January 20, 2012. Compl. at 3. Due to his fall, Singleton suffered cuts on his right ankle and left foot, as well as pain in his back, groin, head, right wrist, teeth, and left elbow. *Id.* His teeth were also bent a little. *Id.*

        Singleton requested immediate medical care but was not taken to the medical unit until approximately seven to nine hours later. Compl. at 4-5. Once there he was given Bacitracin and band aids for his cuts and muscle relaxant and Ibuprofen for his other injuries. Compl. at 3, 5. He was promised follow-up treatment, and two days after the fall he asked Marie Georges, one of the head doctors at the GRVC, for further medical attention, but no further

medical care was ever provided. Compl. at 5. Singleton has ongoing pain as a result of his fall. Compl. at 3, 5.

The steps on which Singleton fell were slippery because the shower area above the steps had flooded and water spilled down from the shower area onto the steps. Compl. at 3. Flooding in the shower area has been a long-standing problem at the GRVC. Compl. at 4. Although Singleton has submitted multiple complaints about the issue, years have passed without any resolution to the problem. *Id.*

Alleging that the conditions of the stairs caused him to fall, Singleton brings a claim for negligence against the warden of the GRVC (the "Warden"). Compl. at 6-7. He also brings an Eighth Amendment claim against Georges for her alleged failure to provide adequate medical care. *Id.* Singleton seeks damages of $1 million. Compl. at 7.

## DISCUSSION

A.  *Standard of Review*

In reviewing the Complaint, I am mindful that Singleton is proceeding *pro se* and that his pleadings should be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation marks omitted); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, I must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and thereafter "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A. *See generally Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, I am required to dismiss *sua sponte* an IFP action if I determine it "(i) is frivolous or malicious; (ii) fails to state a claim on

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

B.  *Analysis*

Singleton claims that Georges violated his Eighth Amendment rights by refusing his request for medical care. To make out an Eighth Amendment violation against a prison official for failing to provide medical care to a prisoner, the prisoner must plead that the official was "deliberate[ly] indifferen[t] to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This standard is met only when the official "knows of and disregards an excessive risk" that the prisoner's medical condition is urgent and may result in degeneration or extreme pain. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). That a physician has been merely "negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106.

Singleton has failed to state a plausible claim that Georges failed to provide him with medical care in violation of the Eighth Amendment. Singleton's sole factual allegation concerning Georges is that he asked her for follow-up attention two days after he received medical care from other prison officials, and Georges denied his request. Standing alone, this allegation in insufficient to allow me to draw the reasonable inference that Georges was anything more than negligent. I cannot reasonably infer that Georges was subjectively aware of and then disregarded an excessive medical risk to Singleton.

Singleton also claims that the Warden was negligent in maintaining slippery steps in the prison. Insofar as Singleton raises this claim as a § 1983 claim for a violation of the Eighth Amendment, it is clear that this claim must fail. As with an Eighth Amendment claim for

3

the denial of medical care, an Eighth Amendment claim for maintaining unsafe conditions of confinement requires a plaintiff to plead that the defendant official demonstrated deliberate indifference; specifically, a plaintiff must plead that the official knew of and disregarded an excessive risk to inmate health or safety. *Farmer*, 511 U.S. 825.

The Complaint fails to satisfy this requirement. Singleton specifically alleges that the Warden was negligent, not deliberately indifferent, which is insufficient for an Eighth Amendment violation. *Id.* at 835-37. Furthermore, even if I construe Singleton's complaint to allege deliberate indifference, I conclude that any risk of which the Warden was aware did not constitute "an excessive risk to inmate health or safety." *Id.* at 825. Indeed, "[c]ourts have regularly held . . . that a wet or slippery floor does not pose an objectively excessive risk to prisoners." *Johnson v. N.Y.C. Dep't of Correction*, No. 10 Civ. 338, 2010 WL 2426017, at *1 (E.D.N.Y. June 11, 2010) (quoting *Sylla v. City of New York*, No. 04 Civ. 5692, 2005 WL 3336460, at *3 (E.D.N.Y. Dec. 8, 2005)) (internal quotation marks omitted).

Insofar as Singleton raises a claim for common law negligence against the Warden, the Complaint fails to set forth any basis for independent federal jurisdiction over that claim, and I decline to exercise supplemental jurisdiction to hear it. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the reasons set forth above, I hereby dismiss the Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). I grant Singleton's request to proceed IFP solely for the purpose of this Order. I also certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: March 7, 2012
　　　　Brooklyn, New York